**IN THE UNITED STATES OF AMERICA**
**IN THE FEDERAL DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| Migdalia Colon Ortiz, Rafael Hernández Mercado and their Conjugal Partnership<br><br>Plaintiffs<br><br>**v.**<br><br>(1) Toyota Motor Corporation ("Toyota").<br>(2) Toyota Motor Manufacturing Inc. of Cambridge, ON, Canada.<br>(3) Toyota de Puerto Rico Corp.<br>(4) Autocentro Toyota (Puerto Rico).<br>(5) X, Y, and Z insurance companies with coverage for liability for Defendants.<br>(6) and A, B, and C yet unidentified persons or entities responsible for civil rights violations against Plaintiffs. | **CASE NO.**<br><br>**CIVIL ACTION**<br>**FAILURE TO COMPLY WITH CONTRACTUAL IMPLIED LIABILTY**<br>**PERSONAL INJURY, PRODUCTS LIABILITY**<br><br>**JURY TRIAL REQUESTED** |

# COMPLAINT

# TO THE HONORABLE COURT:

   **NOW COME**, the Plaintiffs, through the undersigned counsel, and respectfully allege and pray as follows:

## COMPLAINT FOR DAMAGES

   **COMES NOW PLAINTIFF**, **Migdalia Colon Ortiz, Rafael Hernández Mercado and their Conjugal Partnership**, by and through the undersigned Counsel of Record and pursuant to the Federal Rules of Civil Procedure, and files this Complaint for Damages against the Defendants named above, or Toyota Motor Corporation subsidiaries, agents, contractors or dealers;

-1-

(hereinafter collectively the "Defendants" or the "Defendant manufacturers"), to show the Court as follows:

## **NATURE OF THE ACTION**

1.     This is a civil action arising out of serious, permanent, life scarring and post-air bag explosive personal injuries sustained by (born on May 9, 1964) 56 year old Plaintiff Migdalia Colon Ortiz (hereinafter "Migdalia", "Colón Ortiz" or "Plaintiff"), on October 25, 2019, while driving slowly, on a school area, her Toyota Corolla 2005 automobile in Eduardo Conde Street, San Juan, Puerto Rico, unexpectedly driver's Airbag Inflator exploded on her chest, neck and face causing her unconscious, following two automobile collisions. That Air Bag explosion caused severe traumas, incapacitating; permanent physical, and worsened emotional conditions.

2.     Plaintiffs brings this automotive, failure to comply with their implied contractual responsibilities, products liability, personal injury action for her damages sustained, including but not limited to pain, suffering, incapacitating injuries, permanent disfigurement and scarring; permanent substantial physical and emotional disability, previous psychiatric condition worsened; loss of enjoyment of life, as well as for punitive damages. Also affecting her husband Rafael Hernández Mercado and their conjugal society.

3.     This products liability action includes claims for general negligence, gross negligence, reckless conduct, and breach of warranty.

4.     The claims asserted herein arise out of the design, selection, inspection, testing, manufacture, assembly, equipping, marketing, distribution, and sale of an uncrashworthy, defective, and unreasonably dangerous automobile and automobile

airbag system.

# **THE INCIDENT**

5.     On October 25, 2019, Migdalia was operating her 4-Door 2005 Toyota Corolla,

**VIN: 2T1BR32E65C508365[1]** (hereinafter the "Vehicle") coming alone along Eduardo

Conde Avenue, San Juan, Puerto Rico, in front of Sullivan BBQ of the working ward

and that this is a 15-mile school suddenly and without warning exploded the guide airbag

as it passed through the mechanical size and that she lost consciousness. Her vehicle

uncontrolled crashed against another vehicle. (the "Incident").

6.     The Incident which forms the basis of this Complaint was while Migdalia was

---

[1]Accident on October 25, 2019.
 **Description of the Car**
**VIN: 2T1BR32E65C508365 License: GKH-840**



**Model: Corolla - Type:**  Passenger Car **- Brand: Toyota**
**Model year: 2005 - Trim level: CE**
**Manufacturer: Toyota Motor Mfg., Canada**
**Manufactured in Canada (North America)**
**Sequential number: 508365 -**equipped **with SRS,**
**driver's airbag, front passenger airbag**
**Body Style: SEDAN 4-DR - Brake    - Front:  Disc  - Rear:  Drum**
**Brake system: ABS non-ABS - 4 wheels**
**Power line: FWD -** Engine series:  **4-Cyl. 1.8L**
**Engine type:1.8L L4 DOHC 16V -**  Fuel  **type:  Gasoline**
**Standard seats:5 -**  Steering  **type:  R&P**
**Tires:185/65R15 - Color: Impulse Network**

driving her Toyota Corolla 2005 suffered an unexpected explosion of the airbag on her chest, neck and head into unconsciousness and caused an auto collision with other vehicles. An event arising out of ordinary use of the Vehicle at the time.

7.    The incident was investigated and informed by the Municipal Police, described on Municipal Police Report 2019-A65-10299 (blurred) and State Police Report 2019-1-466-4362; prepared by Agent Miguel A. Negrón Tañon, stating as follows:



- "The investigation found that vehicle #1 (Migdalia) moved from east to west on Eduardo Conde Avenue, in front of Restaurant Sullivan BBQ, her Air Bag unexpectedly exploded; losing the control as she negligently crashed with the right fender to the left rear tire of #2 vehicle that was stationed in the right lane; and hit the #3 vehicle also stationed. The chauffeur of vehicle #1 had traumas receiving paramedics assistance #2833 and López #1446 Medical Assistants; taken her to Doctor's Center Hospital in Santurce, Agent Baez drove vehicle #1 to her home. Vehicle #1 Air Bag was activated, not on Vehicle #2 and #3. (Blurred)

8.    Plaintiffs bought their Toyota Corolla 2005 to Autocentro Toyota, 1088 Muñoz Rivera Ave., San Juan Puerto Rico 00927, PO Box 191958, San Juan, Puerto Rico 00919, Tel. 787-999-9115 in 2006, financed by Toyota Financial of Puerto Rico.

Plaintiffs have always kept that vehicle on the best condition, with the best maintenance and never had been crashed.



9.      Upon information and belief, and as found by the Automobile Expert Salvador López Cardec, at the time of the Incident, the Vehicle and its component sub-assemblies at issue in this action were in the same essential condition as they were at the time that they left the Defendant manufacturers' control. See Auto Expert Report as Exhibit I. Experts Resume as Exhibit II.

10. At the time of the Incident, Migdalia was the sole occupant of the Vehicle. During the Incident, unexpectedly the Vehicle's frontal driver airbag inflator exploded internally and with excessive force and caused the housing of the airbag to rupture and expel extremely hard its plastic bag towards Migdalia's chest, neck and upper body area, striking her and causing her serious injuries, traumas that broke her neck spinal cord. Migdalia required Emergency evaluation, laboratories, analysis, studies and medicated on Doctor's Hospital, then she was hospitalized on November 26 to 27, 2019 for a surgical intervention to correct cervical disks, C5, C6 and C7 fractures, installing



prothesis bracers on her neck, all resulting in the unattractive and permanent scarring in multiple areas on Migdalia's chest, neck and upper torso which remains present and grossly apparent  to this day; worsening her emotional disability, continuous pain  and almost total physical functions.

11. Since the October 25, 2019 accident Migdalia has been on medication and regular medical evaluations.

12. Migdalia Driver License 2276614; Social Security is 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; Medicare 4P51-U52-FN04; ACAA  Claim  Number  10-283-305OP[2];  Medical  Insurance  MMM 010389660.

13. Plaintiff Migdalia Colón Ortiz (hereinafter "Colón Ortiz" or "the Plaintiff"), work for eight  years  as  a  nurse  and  became  disabled  by  the  Social  Security  for  emotional depression causes in 1998.

14. So strong were the traumas, injuries and surgery caused to Migdalia, that she could not walk without the neck support because her head would bend forward for over 60 days. Totally disabled. Could not move out of her home except for medical treatment for three months. Now severely disabled.

15. Rafael Hernández Mercado, as Migdalia's husband have economic damages, has and will spend about $100.00 a month in transportation to move her to medical treatment, medications, and related costs;  must spend substantial time to help her, emotionally

---

[2] ACAA- Automobile Accidents Compensation Administration of Puerto Rico  denied to pay for her medical treatment at Emergency and denied evaluations and compensation.

suffer her disability. Their Conjugal Partnership has and will suffer economic damages.

16. Migdalia is on constant pain as she was told by physicians, on medical treatment and medication for the rest of her live, totally disabled, physically and emotionally.

(1) After Migdalia's injuries, her husband Rafael Hernández Mercado made claims to Toyota. Mercado spoke with Toyota officers, made an extrajudicial claim, and requested an extrajudicial compensation, the case Number assigned was #NA1911220, Toyota E-Mail was Toyotacustomerexperience@toyota.com. There were many telephone calls and E-Mails on November 27, 2019 and December 3, 5, 6 and 20, 2019. Toyota made a Recall performed in February 2020 to repair Toyota Corolla 2005 Air Bags, Rafael took their Toyota Corolla 2005 to Toyota Garage in Autocentro Toyota (the same dealer as they had bought it), the front right passenger Air Bag was repaired, and a full inspection of the vehicle was performed. Rafael was provided with documents of the inspection. Rafael understood the negotiations were not going as he expected and contracted this attorney. We include the Air Bag Notice Recall as Exhibit III of this Complaint.

17.    Plaintiffs requested the analysis of their Toyota 2005 Corolla by Mr. Salvador Cardec López that issued an Expert Report (Attached as Exhibit I to this Complaint) that after a thorough study and evaluation of Plaintiffs car concluded as



follows:

- "It concluded that the airbag system of this Toyota Corolla 2005 CE VIN: 2T1BR32E65C508365 is damaged and not safe for occupants. The problem with this unit is in the area of control of the airbag safety system supplemental SRS and electrical restriction system and this unit contains several service bulletins that the customer or owner of the unit would not be aware of, as the information is available by Toyota dealers in service centers and factory representatives; The Toyota in Puerto Rico has that information and must have warned the drive owner of its damage and what it can cause. Like this Toyota Corolla unit happened to him.
-

18.     The injuries sustained by Migdalia, as described more fully herein, would not have occurred but for the defects present in the Vehicle and its component parts on October 25, 2019, as those defects prevented a normal, safe and expected airbag deployment in the Vehicle at a time of a collision; and instead the frontal airbag exploded unexpectedly to directly and seriously injure Plaintiff **Migdalia Colon Ortiz**.

## THE PARTIES, JURISDICTION, AND VENUE
## PLANTIFFS:

19.     At all times relevant herein, Plaintiffs Migdalia Colón Ortiz and Rafael Hernández Mercado are and were citizens and residents of Amelia Ward, 13 Aurora Street, Guaynabo City, Puerto Rico, 00965, USA. Telephone 1-787-647-0133; E-Mail rafydeliver@gmail.com.

**DEFENDANTS:**

20.     Plaintiffs Toyota Corolla 2005 documents showed was manufactured in Canada and the Air Bag manufactured by Takata.

21.     Defendants ("Toyota") are: (1) Toyota Motor Corporation is a foreign for-profit corporation organized and existing under the laws of Japan with its principal place of business at Toyota, Aichi, Japan, that had business in America and Puerto Rico through subsidiaries, agents or contracted dealers. As for information and believe, Plaintiffs car was manufactured by Toyota or their subsidiary or contracted auto manufacturer in Canada, (2) Toyota Motor Manufacturing Inc. of Cambridge, ON, Canada, +1 519-653-1111. (3) Toyota de Puerto Rico Corp. registered in the State Department of Puerto Rico as 86405, as the subsidiary or contracted dealer of Toyota Motor Corporation of Japan, 1064 Muñoz Rivera Ave, San Juan, PR 00927. (4) Autocentro Toyota, 1088 Muñoz Rivera Ave., San Juan Puerto Rico 00927, PO Box 191958, San Juan, Puerto Rico 00919, Tel. 787-999-9115 that sold to Plaintiffs the car involved in the accident related to this Complaint as a subsidiary or contracted dealer Toyota Puerto Rico Corp. or of Toyota Motor Corporation of Japan. And (5) A, B or C installers, designers, manufacturers, designing, manufacturing, assembling, testing, promoting, advertising, distributing or selling; subcontractor, or agent related to the Air Bag that exploded on Plaintiffs car, as a subsidiary, agent or contracted entity by Toyota Motor Manufacturer[3].

22.     Toyota is a specialized supplier automobiles, that include automotive safety systems, that designs, manufactures, assembles, tests, markets, distributes, and sells vehicle restraint systems to various Original Equipment Manufacturers ("OEM's"),

---

[3] Upon information and belief Takata Corporation was the manufacturer of the Air Bag used in Toyota Corolla 2005 filed for bankruptcy in 2017.

including Toyota, in Canada, the United States and abroad, including specifically the airbag incorporated and used by Toyota in its airbag safety system in the subject Vehicle. Toyota is a vertically- integrated company and manufactures component parts in its own facilities, and then distributes same. Defendant Toyota have a Certificate of Authority to Transact Business in Puerto Rico (Toyota Motor Corporation. Toyota de Puerto Rico Corp. registered in the State Department of Puerto Rico as 86405) and may be served through their officers. Toyota Motor Corp. may be served by and through the Chairman of the Board, Chief Executive Officer, and President of Toyota under Article 10(a) of the Hague Service Convention, to which Japan is a signatory, and as is consistent with Puerto Rico law. In addition, Toyota may be served through Japan's central authority pursuant to Article 5 of the Hague Convention. At all times relevant herein, Toyota conducted substantial business in Puerto Rico, regularly caused its products to be sold in Puerto Rico, and the cause of action arises out of a tort committed in Puerto Rico and, therefore, personal jurisdiction is proper in Puerto Rico tort law, and the Due Process Clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States of America.

23.     Toyota and the other Defendants related to the "inflators" in the frontal airbag systems that are rupturing or exploding with unreasonably dangerous, excessive concussive force and which in many instances have injured vehicle occupants with shrapnel or concussive impacts, as well as the "propellant" or explosive charge used within the inflator itself. Also involved in the distribution of such airbag systems to OEM's, used by Toyota. Moreover, to the extent the United States Department of Transportation ("DOT") by and through the Secretary of Transportation has delegated

authority to the Chief Counsel of the National Highway Traffic Safety Administration (hereinafter "NHTSA").

24.      This Honorable Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $150,000.00, exclusive of interest and costs, and diversity of citizenship exists between the parties.

25.      Venue of this action properly lies in the District of Puerto Rico pursuant to 28 U.S.C. §1391(a) as it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF CLAIM AND FACTUAL ALLEGATIONS

26.      An automotive component supplier that manufactures and sells airbags in automobiles and vehicle manufacturers must take all necessary steps to ensure that its products—which can literally mean the difference between life and death in an accident—function as designed, specified, promised, and intended. Profits **must** take a back seat to safety for the airbag manufacturer and the automobile manufacturer in making its product sourcing decisions. Yet Toyota put profits ahead of safety. Toyota cut corners to build cheaper airbags and bought its airbags from Toyota subsidiaries or sub-contractors to save money. The result is that instead of saving lives, faulty Toyota airbags in Toyota automobiles are killing and maiming drivers and passengers involved in otherwise minor and survivable accidents. Even more alarming, rather than take the issue head-on and immediately do everything in their power to prevent further injury and loss of life, Toyota have engaged in a ten-year pattern of deception and

obfuscation, only very recently beginning a partial recall of affected vehicles.

27.     Airbags are a critical component in the safety features of virtually every motor vehicle sold in the United States and throughout the world. Historical facts on the Internet showed that In 2015 over 30,000 people were killed in motor vehicle accidents each year in the United States. Remarkably, that number is nearly half of what it was in 1966, when over 50,000 Americans died in car crashes. The drastic reduction is, in large part, due to tremendous advances in vehicle occupant safety, including the widespread use of seatbelts and airbags[4].

28.     In order to prevent serious injury and death resulting from bodily impact with the hard interior surfaces of automobiles, like windshields, steering columns, dashboards, and pillars, upon a vehicle experiencing a specified change in velocity in a collision, accelerometers and sensors in the vehicle frame trigger the vehicle airbags to deploy. Because collisions can occur at rates of speed that can cause serious injury, to be effective, airbags must deploy timely and at appropriate velocity to be effective, but

---

[4] The Takata **airbag** recall, which began in 2015, is the largest recall in U.S. history, with an estimated 70 million vehicles to be recalled by **2019**. The problem that prompted the recall has been tied to 15 confirmed deaths in the U.S. and more than 250 reported injuries.

…

NHTSA has confirmed that 18 people in the United States have been **killed** when their defective Takata PSAN **air bag** inflators exploded. In addition, at least 250 people in the United States have allegedly been injured by exploding Takata **air bag** inflators.

not subject the occupant to additional unnecessary harm. To accomplish this, the airbag system is through highly conductive metals, such as gold, and the airbag systems use small explosive charges to immediately inflate the airbags upon being triggered. This case flows directly from the now admitted fact that Toyota's explosive charge components in its airbag systems were defectively manufactured since as early as 2001, and perhaps earlier.

29.     Historical facts in Internet show that Toyota and other Japanese motor vehicles automobiles knew of the deadly or injuring airbag defect at least 30 years ago but corrected measures do not prevent ongoing injury and loss of life. The first airbag defect recall stemmed from defective manufacturing in 2000 but was limited to a recall of select Isuzu vehicles. In 2004, an airbag in a Japanese motor vehicle exploded, shooting out metal fragments which gravely injured the driver. Some Japanese Manufacturers unilaterally deemed it "an anomaly" and did not issue a recall, adequately investigate it themselves, or seek the involvement of federal safety regulators. Instead, they brushed it under the rug: Some Japanese Manufacturers kept making defective airbags; and kept putting them in its vehicles while marketing them as highly safe and of high quality.

30.     Airbags are meant to inflate timely during an automobile collision but with only such force necessary to cushion the occupant from impact to the vehicle's interior and not cause additional enhanced injury. When people operate a motor vehicle or ride in one as a passenger, they trust and rely on the manufacturers of those motor vehicles

to make those vehicles safe. The Defective Vehicles contain airbags manufactured by Defendant Takata that, instead of protecting vehicle occupants from bodily injury during accidents, violently explode using excessive force, and in many incidents, expel lethal amounts of metal debris and shrapnel at vehicle occupants.

31.   Migdalia's Vehicle contained airbags installed or manufactured by Takata for Toyota Defendants that, instead of protecting vehicle occupants from bodily injury unexpectedly furthering causing an accident, violently explode expelling sharp metal fragments into the occupant compartment and using excessive force, causing her injuries and damages.

32.   Despite Toyota's prior knowledge of the propensity of the defective airbags to explode violently, injuring and killing occupants, Migdalia's Toyota Corolla 2005 was not duly corrected.

33.   Takata and Toyota knew or should have known that the Takata airbags installed in many vehicles, including the subject Vehicle, were defective. Both Toyota and Takata, who concealed their knowledge of the nature and extent of the defects from the public, have shown a blatant disregard for public welfare and safety.

34.   Toyota, and the Other Defendants, knew the probability of Toyota Corolla 2005 Air Bag malfunction and did not repair or inform driver of its dangerous effects

## **TOLLING OF THE STATUTE OF LIMITATIONS**

35.   According to Puerto Rican laws and jurisprudential principles tolling the statute of limitations, applicable to this case based on Torts and

Implied contractual liability for Defendants to provide a secured vehicle:

    (A) Migdalia became unconscious by the Air Bag explosion shaking her head, neck, and chest, with traumas that broke her spinal cord three cervical bones, required surgery to held together her spinal at the neck level, obliging he to stay at home because her because she could not control her head. She was disabled to exercise her right for a legal claim.

    (B) Immediately after Migdalia's Air Bag accident, her husband Rafael Hernández Mercado spoke with Toyota officers, made an extrajudicial claim[5], and requested an extrajudicial compensation, the case Number assigned was #NA1911220 Toyota E-Mail was Toyotacustomerexperience@toyota.com. There were many telephone calls and E-Mails on November 27, 2019 and December 3, 5, 6 and 20, 2019. Toyota made a Recall performed in February 2020 to repair Toyota Corolla 2005 Air Bags, Rafael took their Toyota Corolla 2005 to Toyota Garage in Autocentro Toyota (the same dealer as they had bought it), the front right passenger Air Bag was repaired, and a full inspection of the vehicle was performed. Rafael was

---

[5] 31 L.P.R.A. § 5303 - § 5303 Interruption of prescription
Prescription of actions is interrupted by their institution before the courts, by extrajudicial claim of the creditor, and by any act of acknowledgment of the debt by the debtor.
Credits
-Civil Code, 1930, § 1873.

provided with documents of the inspection. Rafael understood the negotiations were not going as he expected and contracted this attorney. We include the Recall Notice that we believe as part of the negotiation process is an admission of an implied contractual or damages responsibility. That toll the time limitation period. We include the Air Bag Notice as Exhibit III of this Complaint.

(C)   Migdalia had a real knowledge, understood she had a right to file a Complaint in the Federal Court, as a requisite for a technical Complaint similar to a Medical Malpractice case; when an Auto Expert Salvador López Cardec (Exhibit I) analyzed her car and established that the injuries she suffered Toyota and subsidiaries, agents or contractual entities were judicially responsible for her contractual and tortuous damages.[6] The documents to be provided to the Auto Expert during Convid-19 governmental Lock Downs have been difficult to gather.

---

[6] 31 L.P.R.A. § 5141

§ 5141 Obligation when damage caused by fault or negligence
A person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done….
...The one-year limitations period for actions brought pursuant to Puerto Rico's generic tort statute ordinarily begins to run at the time that the aggrieved party **knows** or should have **known** of both his injury and the identity of the party who caused the injury.   31 L.P.R.A. §§  **5141**, 5298(2)....

# Fraudulent Concealment

36.     Upon information and belief, Defendants has known of the defects in its airbags since at least 2004. The Defendants knew well before the Plaintiff purchased the Vehicle yet concealed from and failed to notify the Plaintiff and/or the public about the full and complete nature of the defects in the airbag system or systems present in the Vehicle or other vehicles of its kind prior to the Incident on October 25, 2020.

37.     Although Defendants have now acknowledged to safety regulators that Takata's airbags are defective, for years, Defendants did not fully investigate or disclose the seriousness of the issue and in fact downplayed the widespread prevalence of the problem.

38.     Any applicable statute of limitation has therefore been tolled by Defendants' knowledge, active concealment, and denial of the facts alleged herein, behavior which is ongoing.

39.     Accordingly, this action has been timely commenced within any applicable period of limitation.

## TORT ACTION UNDER PUERTO RICO LOCAL LAW AND IMPLED CONTRACTUAL LIABILITY TO SECURE A SECURED VEHICLE

40. Defendants' actions constitute a violation of Plaintiffs' rights secured by Article II, Sections 1, 2, 4, 6 and 7 of the Puerto Rico Constitution.

41. Defendants' actions also constitute physical, economical, moral and emotional damages and violations of Puerto Rico's Articles 1802 and 1803 of the Civil Code, § 5141-

5142 of Title 31.

42. Defendants are liable for an Implied Contractual Liability for Defendants failure to provide a secured vehicle causing severe and prospective damages to Plaintiffs.

## JURY TRIAL

43. All previous factual allegations are incorporated heretofore.

44. Plaintiffs request a jury trial.

## PRAYER FOR RELIEF

45. Plaintiffs' damages as described should be compensated for an amount no less than $1,000,000.00 for Plaintiff Migdalia Colón Ortiz. Plus, an equal amount for Punitive Damages.

46. Plaintiff Rafael Hernández Mercado as Migdalia's husband, and their Conjugal Party, should be compensated for an amount not less $100,000.00 each for their economic damages suffered as a direct result to Migdalia's disability.

• **Wherefore,** Plaintiffs request the following relief, jointly and severally against Defendants: That this Court determine and declare that the actions by Defendants caused severe damages to Plaintiffs and should be compensated in the amounts requested.

• Attorneys' fees, costs and litigation expenses incurred in connection to this action pursuant to damages for obligations arising from the fault or negligence mentioned in § 5141, and

other applicable statutes.

•   All applicable interests, including pre- and post- judgment interest.

•   That the Court retain jurisdiction over this action to ensure compliance with any decree

 issued by this court.

•   Any such other and further relief as the Court may deem just and proper.

## RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, on this day November 24, 2020.

**s/Francisco R. González-Colón**
**FRANCISCO R. GONZALEZ COLON**
USDC No. 116410

FRANCISCO R. GONZÁLEZ LAW OFFICE
1519 PONCE DE LEÓN AVE.
FIRST FEDERAL BLDG. SUITE 805
SAN JUAN, P.R. 00909 – Cel-787-378-1487
Tel. (787) 723-3222 FAX 787-919-0156
bufetefrgonzalez@gmail.com