IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**MIGDALIA COLON-ORTIZ** *et al.*,
    Plaintiffs,

    v.

**TOYOTA MOTOR MANUFACTURING INC.**,
    Defendant.

Civil No. 20-1677 (BJM)

## ORDER

Plaintiffs Migdalia Colon-Ortiz ("Colon") and Rafael Hernandez-Mercado ("Hernandez") (collectively "Plaintiffs") sued Toyota Motor Manufacturing Canada, Inc. ("TMMC") and other defendants, under Article 1802 of the Puerto Rico Civil Code, 31, L.P.R.A. § 5141. The complaint, filed on November 27, 2020, alleges that on October 25, 2019, Colon was seriously injured when her vehicle's airbags unexpectedly exploded. Docket No. ("Dkt.") 1. Hernandez alleges that on November 27, 2019 he made an extrajudicial claim regarding this incident on Colon's behalf by speaking with Toyota de Puerto Rico Corp. officers and requesting compensation for her injuries. Dkt. 1 at 7. Plaintiffs and Toyota de Puerto Rico Corp. allegedly exchanged several emails and telephone calls during the months of November and December 2019. *Id*. TMMC moved to dismiss the claim as time-barred, Fed. R. Civ. P. 12(b)(6), for insufficient form and service of process, Fed. R. Civ. P. 12(b)(4) and (5), and for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). *See* Dkt. 27. Plaintiffs opposed, Dkt. 29, TMMC replied, Dkt. 35, and Plaintiffs surreplied. Dkt. 38. The parties have (implicitly) consented to proceed before a magistrate judge and the case was randomly assigned to me for all further proceedings, including entry of judgment. Dkt. 15, 16.

Fed R. Civ. P. 12(b)(2) allows a defendant to present a motion to dismiss based on the court's lack of jurisdiction over the defendant's person. *Foster-Miller, Inc. v. Babcock & Wilcox*

Case 3:20-cv-01677-BJM   Document 39   Filed 11/17/22   Page 2 of 6

*Colon-Ortiz et al. v. Toyota Motor Manufacturing Inc.*, Civil. No. 20-1677 (BJM)                                         2

*Cananda*, 46 F. 3d 138, 143-44 (1st Cir. 1995). However, before a federal court may exercise jurisdiction over a defendant, the defendant must be properly served with process pursuant to Fed. R. Civ. P. 4. *Villano v. Long Island Pipe Supply, Inc.*, 2020 WL 1244929, at *2–3 (D.N.H. Mar. 16, 2020). Challenges to sufficiency of process can be made under Fed R. Civ. P. 12(b)(4), which addresses the "form of the process," or its contents. *Doyle v. YMCA of New Hampshire*, 560 F.Supp.3d 499, 502 (D.N.H. 2021). Furthermore, Fed. R. Civ. P. 12(b)(5) allows a party to challenge the way in which the opposing party executed service of process, or the mode of delivery of the summons and complaint. *See Ramirez De Arellano v. Colloides Naturels Intern.*, 236 F.R.D. 83, 85 (D.P.R. 2006). Objections to the validity of service of process must be specific and they must identify the ways in which the plaintiff failed to satisfy the service requirements. *Villano*, 2020 WL 1244929 at *2–3. Once a defendant challenges the sufficiency of process, the plaintiff has the burden of proving proper service. *Morrissey v. Massachusetts*, 2022 WL 1463051 at *4 (D. Mass. 2022). However, dismissal under Fed. R. Civ. P. 12(b)(5) is inappropriate where there is "a 'reasonable conceivable means' through which service may be obtained and jurisdiction acquired over the defendant." *Ramirez de Arellano*, 236 F.R.D. at 85 fn.4. If service was ineffective, the court may treat the motion to dismiss as a motion to quash service of process. *Id*.

To survive a motion to dismiss under Rule 12(b)(6), "an adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim." *Ocasio-Hernandez v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). The court must utilize a two-step approach when considering a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). First, the court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012). Second, the court must consider "the complaint's well-

Case 3:20-cv-01677-BJM   Document 39   Filed 11/17/22   Page 3 of 6

*Colon-Ortiz et al. v. Toyota Motor Manufacturing Inc.*, Civil. No. 20-1677 (BJM)                               3

pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." *Id.* The two-step approach "does not impose a probability requirement," *Twombly*, 550 U.S. at 556, but instead is met when the facts alleged in the complaint "raise a reasonable expectation that discovery will reveal evidence of the illegal [conduct]." *Ocasio-Hernandez,* 640 F.3d at 17 (citing *Twombly*, 550 U.S. at 556).

I turn first to TMMC's claim that Plaintiffs did not provide TMMC with sufficient service of process because they failed to comply with the Hague Convention. Dkts. 27, 35. Although issues of personal jurisdiction under Rule 12(b)(2) and service of process under Rule 12(b)(4) and (5) are closely related, service of process refers only to the means by which a court gives notice to a defendant and asserts jurisdiction, not an analysis as to whether personal jurisdiction actually exists. *See Vega v. Hastens Beds, Inc.*, 339 F.R.D. 210 (S.D.N.Y. 2021); CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353, 336-338 (3d ed. 2004). However, courts have occasionally treated a motion for lack of personal jurisdiction as a Rule 12(b)(5) motion, particularly when the defendant argues that lack of jurisdiction is due to improper service of process. *Id*. This mirrors the argument made by TMMC. Dkt. 27 at 5. Furthermore, before a federal court may exercise personal jurisdiction over a defendant, service of summons must be satisfied. *See Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). As such, I will discuss whether service of process was perfected under Rule 12(b)(5) without engaging in an analysis on personal jurisdiction under Rule 12(b)(2).

Rule 12(b)(5) allows parties to raise insufficient service of process or for the court to quash service of process. *Somascan, Inc. v. Philips Medical Systems Nederland B.V.*, 2009 WL 4730771 (D.P.R. 2009). The party raising insufficiency of process must "meet the burden of establishing

Case 3:20-cv-01677-BJM   Document 39   Filed 11/17/22   Page 4 of 6

*Colon-Ortiz et al. v. Toyota Motor Manufacturing Inc.*, Civil. No. 20-1677 (BJM)                                4

how plaintiff failed to satisfy the requirements of service." *Id.* at *2. Plaintiffs acknowledge that TMMC is a foreign subsidiary established under the laws of Canada. Dkt. 29 at 2. Service of process to foreign citizens or corporations is generally governed by the Hague Service Convention under Fed. R. Civ. P. Rule 4(f). *See Ramirez de Arellano* 236 F.R.D. at 86. The Hague Convention permits service of process through a foreign state's "Central Authority" or through other means that are not objectionable to the state. *See Granger v. Nesbitt*, 2021 WL 4658658 at *4 (D. Mass. 2021). Service of process that operates in accordance with the internal service rules of a foreign state is typically acceptable. *Id*.

TMMC argues that service was improper under Article 5 of the Hague Convention because it was not provided with a translated copy of the summons and complaint in its native language. Dkt. 27 at 6. However, the translation requirement is only triggered when the central authority serves the documents under Article 5. *See Heredia v. Transp. S.A.S., Inc.,* 101 F.Supp.2d 158 (S.D.N.Y., 2000) (holding French translation of summons and complaints not required for service to be proper against a Canadian defendant in Quebec under Article 10 of the Hague Convention). Plaintiffs allege that process was served pursuant to Article 10, which permits service of process to be made directly through "the judicial officers, officials or other competent persons of the State of destination." *Service Abroad of Judicial and Extrajudicial Documents Convention done at The Hague*, Nov. 15, 1965, 20 U.S.T. 361, Art. 10. Article 10 does not establish a translation requirement, and as such does not require the summons and complaint to be translated for service to be proper. *See Heredia,* 101 F.Supp.2d 158 at 161-62. As such, TMMC has not established that Plaintiffs failed to satisfy the requirements of service under the Hague Convention. Thus, TMMC's motion to dismiss for insufficient service of process is denied.

*Colon-Ortiz et al. v. Toyota Motor Manufacturing Inc.*, Civil. No. 20-1677 (BJM)                    5

TMMC also challenges the sufficiency of service of process under Rule 12(b)(4), which addresses the form of process. Dkt. 27. TMMC states they were improperly named in the summons as "Toyota Motor Manufacturing Inc. of Cambridge, ON, Canada". Dkt. 27 at 1. TMMC is correct in that the summons misnamed it, Dkt. 6-1 at 7. However, a Rule 12(b)(4) motion to dismiss will only be granted when the defect "is prejudicial to the defendant." *Doyle*, 560 F.Supp.3d at 502. TMMC does not argue that it has been prejudiced by the defects in process, but instead that Plaintiffs failed to perfect service through the Hague Convention by not meeting the requirements set forth in Article 5. Dkt. 27 at 5–6. Thus, TMMC's motion to dismiss pursuant to Rule 12(b)(4) is denied.

TMMC also argues that Plaintiff's claims are time-barred due to the one year limitation under Puerto Rico's period for tort actions, 31 L.P.R.A. § 5298, and moves to dismiss them under Fed. R. Civ. P. 12(b)(6). When a defendant raises an affirmative defense based on a statute of limitations, the court may treat the motion as one to dismiss under Fed. R. Civ. P. 12(b)(6) since the statute of limitations precludes the availability of the plaintiff's remedy. *See Cordero Jimenez v. University of Puerto Rico*, 371 F. Supp. 2d 71, 74 (D.P.R. 2005); CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, 714-21 (3d ed. 2004).

Plaintiffs, for their part, argue that Hernandez asserted an extrajudicial claim against TMMC by communicating by phone call and in writing with Toyota de Puerto Rico Corp. on November 27, 2019, and that the statute of limitations was thereby tolled. *See Ocasio Berrios v. Bristol Myers Squibb,* 73 F.Supp.2d 171, 175 (D.P.R. 1999). In advancing their arguments as to whether the case is time-barred, or whether the limitations period was tolled, both parties rely on documents outside the pleadings. Generally, the court will not consider matters outside the pleadings when confronted with a motion to dismiss under Rule 12(b)(6). *See Trans-Spec Truck*

Case 3:20-cv-01677-BJM   Document 39   Filed 11/17/22   Page 6 of 6

*Colon-Ortiz et al. v. Toyota Motor Manufacturing Inc.*, Civil. No. 20-1677 (BJM)                                   6

*Serv., Inc. v. Caterpillar Inc.*, 524 F.3d. 315, 321 (1st Cir. 2008). Rule 12(d) provides that on a motion to dismiss for failure to state a claim, when "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment" under Rule 56. *Accessories & Commc'n Sys., Inc. v. Nortel Cala Inc.*, 85 F. Supp. 2d 95, 96 fn. 2 (D.P.R. 2000). It is at the discretion of the court whether a motion to dismiss may be converted to a motion for summary judgment, or whether the court will ignore the supplementary materials, making such a conversion unnecessary. *See Trans-Spec Truck Serv., Inc.,* 524 F.3d. at 321. If the court choses to convert the motion to dismiss to summary judgment, the party opposing the motion must be "given adequate notice of the conversion and a reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *Collier v. City of Chicopee*, 158 F.3d 601, 603 (1st Cir. 1998) (internal quotation marks omitted). The notice does not need to be explicit and can be satisfied "when a party receives constructive notice that the court has been afforded the option of conversion." *Id.*

Here, I conclude that conversion of TMMC's Rule 12(b)(6) motion into a motion for summary judgment is warranted. Accordingly, TMMC's motion to dismiss based on statute of limitations grounds is denied without prejudice to filing a motion for summary judgment pursuant to Fed. R. Civ. P. 56 and Local Rule 56.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 17th day of November 2022.

*S/ Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge