IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**MIGDALIA COLON-ORTIZ** *et al.*,
    Plaintiffs,

    v.

**TOYOTA MOTOR MANUFACTURING INC. OF CAMBRIDGE, ON, CANADA**,
    Defendant.

Civil No. 20-1677 (BJM)

## OPINION & ORDER

Plaintiffs Migdalia Colon-Ortiz ("Colon"), Rafael Hernandez-Mercado ("Hernandez"), and their conjugal partnership (collectively "Plaintiffs") sued Toyota Motor Corporation ("Toyota"), Toyota Motor Manufacturing Inc. of Cambridge, ON, Canada ("TMMC"), Toyota de Puerto Rico Corp. ("Toyota PR"), and Autocentro Toyota ("Autocentro") under Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5141. Dkt. 1. After Plaintiffs' claims against Toyota, Toyota PR, and Autocentro were dismissed without prejudice, Dkt. 14, TMMC moved to dismiss Plaintiffs' claims against it, among other reasons, because they were time-barred. Dkt. 27. I denied that motion without prejudice and allowed TMMC to present its argument in a motion for summary judgment. Dkt. 39. It subsequently did so. Dkt. 41. Plaintiffs responded asking for time to conduct discovery, Dkt. 44, but never filed an opposition. The parties have (implicitly) consented to proceed before a magistrate judge and the case was randomly assigned to me for all further proceedings, including entry of judgment. Dkt. 15, 16.

For the reasons explained below, TMMC's motion for summary judgement is **GRANTED**.

Case 3:20-cv-01677-BJM   Document 59   Filed 01/24/24   Page 2 of 7

*Colon-Ortiz et al. v. Toyota Motor Manufacturing Inc.*, Civil. No. 20-1677 (BJM)                                2

## BACKGROUND

The following facts are drawn from TMMC's Local Rule 56 submission and the record before the court. They are presented in the light most favorable to the nonmoving party. *See, e.g.*, *In re Oak Knoll Assocs., L.P.*, 835 F.3d 24, 29 (1st Cir. 2016).

On October 25, 2019, Colon alleges that she was driving her 2005 Toyota Corolla when the vehicle's airbag unexpectedly exploded, resulting in various injuries. Dkt. 1 at 2; Dkt. 41-1 at 2. On November 27, 2019, Hernandez alleges he made an extrajudicial claim regarding this incident on Colon's behalf by speaking with Toyota de Puerto Rico Corp. officers and requesting compensation for Colon's injuries. Dkt. 41-1 at 2; Dkt. 44-1. Plaintiffs and Toyota de Puerto Rico Corp. allegedly exchanged several emails and telephone calls during November and December 2019. Dkt. 1 at 7; Dkt. 44-1. Plaintiffs ultimately filed this lawsuit on November 27, 2020. Dkt. 1. Neither Colon, Hernandez, nor anyone communicating on their behalf notified TMMC of Colon's accident between its occurrence on October 25, 2019 and the filing of this lawsuit on November 27, 2020. Dkt. 1; Dkt. 41-1 at 2 (citing Dkt. 41-2 at 1).

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" only if it "is one that could be resolved in favor of either party." *Calero-Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir. 2004). A fact is "material" only if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the initial burden of "informing the district court of the basis for its motion, and identifying those portions" of the record "which it believes

Case 3:20-cv-01677-BJM   Document 59   Filed 01/24/24   Page 3 of 7

*Colon-Ortiz et al. v. Toyota Motor Manufacturing Inc.*, Civil. No. 20-1677 (BJM)                              3

demonstrate the absence" of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The court does not act as trier of fact when reviewing the parties' submissions and so cannot "superimpose [its] own ideas of probability and likelihood (no matter how reasonable those ideas may be) upon" conflicting evidence. *Greenburg v. P.R. Mar. Shipping Auth.*, 835 F.2d 932, 936 (1st Cir. 1987). Rather, the court must "view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." *Griggs-Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir. 1990). And the court may not grant summary judgment "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

## DISCUSSION

TMMC argues that Plaintiffs' claims are time-barred because Plaintiffs undisputedly did not file their complaint within one year of Colon's accident and failed to toll the statute of limitations. Dkt. 41. Article 1868 of the Puerto Rico Civil Code creates a one-year statute of limitations for filing an Article 1802 tort claim beginning "from the time the aggrieved person had knowledge thereof." 31 L.P.R.A. § 5298. A plaintiff has the requisite knowledge "when she has 'notice of the injury, plus notice of the person who caused it.'" *Rodriguez-Suris v. Montesinos*, 123 F.3d 10, 13 (1st Cir. 1997). A "[p]laintiff bears the burden of proving when the 'damage' became known." *Id.* at 13 (citing *Rivera Encarnacion v. Estado Libre Asociado De Puerto Rico*, 113 P.R.D. 383, 385, 13 P.R. Offic. Trans. 498, 501 (1982)). "[O]nce a plaintiff is put on notice that someone or some entity is the cause of the injury, the plaintiff may not succeed in a late-filed claim by asserting ignorance about the precise identity of the tortfeasor." *Id.* at 16. And "because corporate identities and intracorporate relationships are a matter of public record, knowledge of

the precise corporate identity of the entity responsible for a plaintiff's injury is not required before the period prescribed by the statute of limitation begins to run." *Id.* (citing *Hodge v. Parke Davis & Co.*, 833 F.2d 6, 7–8 (1st Cir.1987)).

Here, Plaintiffs learned of their alleged injuries when Colon's airbag deployed on October 25, 2019. Though it is unclear when they learned of TMMC's potential liability, they certainly knew the day of the accident that some person or entity was the cause of their injuries. Because they filed their action over one year after the incident, Plaintiffs "must produce evidence to create an issue of fact as to whether the statute of limitations was tolled or not." *Bonilla-Aviles v. Southmark San Juan, Inc.,* 992 F.2d 391, 393 (1st Cir. 1993).

Plaintiffs contend they tolled the statute of limitations by filing an extrajudicial claim with Toyota PR. Dkts. 29, 38, 44. For an extrajudicial claim to toll the tort statute of limitations in Puerto Rico, the claim must: (1) be presented inside the period of limitations; (2) be made by the holder of the substantive right or their legal representative; (3) require or demand the same relief or conduct that is ultimately sought in the lawsuit; (4) be specific enough to let the accused know that the accuser does not wish to lose the right claimed; and (5) be addressed to and received by the accused in the tort action and not a third party. *Ocasio Berrios v. Bristol Myers Squibb,* 73 F. Supp. 2d 171, 175 (D.P.R. 1999). TMMC argues Plaintiffs failed to satisfy the last element of this test. Dkt. 41. I agree.

Plaintiffs have repeatedly argued they tolled the statute of limitations against TMMC by sending an extrajudicial claim to Toyota PR. Dkts. 29, 38, 44. They note that Toyota PR and TMMC are subsidiaries of the same parent company, Toyota, and that both entities shared the same lawyer in this case. Dkt. 38 at 2–3. Nevertheless, Toyota PR and TMMC are presumedly separate entities. *See Escude Cruz v. Ortho Pharm. Corp.,* 619 F.2d 902, 905 (1st Cir. 1980);

*Colon-Ortiz et al. v. Toyota Motor Manufacturing Inc.*, Civil. No. 20-1677 (BJM)                5

*Adames-Milan v. Centennial Communications Corp.*, 500 F. Supp. 2d 14, 26 (D.P.R. 2007). Accordingly, there is a presumption Plaintiffs cannot toll the statute of limitations against TMMC by communicating with Toyota PR.

However, Plaintiffs can rebut that presumption by showing Toyota PR is TMMC's agent for service of process. When determining whether a United States Corporation is such an agent of a related foreign corporation, courts examine: (1) whether one party is a wholly owned subsidiary of the other; (2) if a majority of each party's board of directors members serve on the board of both parties; and (3) the existence of any contract making the U.S.-based party the exclusive importer and distributor of the foreign party's products sold in the United States. *Somascan, Inc. v. Philips Med. Sys. Nederland B.V.*, 2009 WL 4730771, at *5 (D.P.R. Nov. 13, 2009) (citing *Volkswagenwerk v. Schlunk*, 486 U.S. 694, 697 (1988)). Here, Plaintiffs admit TMMC does not wholly own Toyota PR or vice versa. Dkt. 38 at 2. And they offered no evidence regarding either party's board of directors or contractual agreements to import goods. Accordingly, Plaintiffs did not rebut the presumption that TMMC and Toyota PR are separate entities.

This failure is fatal to Plaintiffs' claims. First, Plaintiffs contend Hernandez's extrajudicial claim was addressed to Toyota PR, not TMMC. Dkt. 29 at 5–7; Dkt. 44 at 1. Accordingly, that claim does not satisfy the fifth element of the test laid out in *Ocasio Berrios*. Moreover, Plaintiffs failed to establish TMMC received notice of their claim. They submitted copies of Spanish-language emails in which they say Toyota PR acknowledged their claim and assigned it a case number. Dkt. 29 at 7 (citing Dkts. 29-1–29-3). However, Plaintiffs never filed certified English translations of these documents as required by Local Rule 5. Thus, I cannot consider them. *See, e.g., Gonzalez-De-Blasini v. Fam. Dep't*, 377 F.3d 81, 88 (1st Cir. 2004) ("In collecting a record for summary judgment a district court must sift out non-English materials, and parties should

Case 3:20-cv-01677-BJM   Document 59   Filed 01/24/24   Page 6 of 7

*Colon-Ortiz et al. v. Toyota Motor Manufacturing Inc.*, Civil. No. 20-1677 (BJM)                                                                                 6

submit only English-language materials.") (quoting *Estades–Negroni v. Assocs. Corp. of N. Am.*, 359 F.3d 1, 2 (1st Cir. 2004) (finding failure to do so constitutes a reversible error)). I note TMMC apparently agrees that Toyota PR communicated with Plaintiffs. Dkt. 35 at 3. However, even crediting that concession and Plaintiffs' contention that the emails show Toyota PR acknowledged their claim, neither party asserts the emails state TMMC knew of Plaintiffs' claim. Accordingly, these emails did not toll the statute of limitations with respect to TMMC.

Plaintiffs' only other evidence of their communications with Toyota PR is a blank form entitled "Authorization and Consent EDR Data Readout" ("the Authorization form"). Dkt. 38-1. I first note Plaintiffs offer no support for their assertion they received this form "as part of the processing of the[ir] extrajudicial claim." Dkt. 38 at 3. Moreover, nothing in this form states or implies that TMMC knew of Plaintiffs' claims. The Authorization form never mentions Plaintiffs or TMMC. Thus, Plaintiffs failed to present admissible evidence they communicated with Toyota PR regarding their claim. And even crediting their unsupported allegations they communicated with Toyota PR, Plaintiffs failed to establish these messages put TMMC on notice of their claim.

I note that, when opposing TMMC's motion to dismiss, Plaintiffs argued the Authorization form showed Toyota PR represented itself as the proper party to receive their claim and the form illustrated the relationship between Toyota PR and TMMC. Dkt. 38 at 3. Accordingly, they contended they tolled the statute of limitations against TMMC by communicating with Toyota PR. *Id.* However, as mentioned, Plaintiffs offered no evidence as to how they received the Authorization form. Moreover, assuming they received it from Toyota PR, nothing in the Authorization form states Toyota PR is the proper party to receive Plaintiffs' claim. It does not mention Plaintiffs' claim. And though the form appears to be sent or prepared by Toyota PR, it mentions Toyota Motor North America, Toyota Motor Cooperation, and "any other persons

Case 3:20-cv-01677-BJM   Document 59   Filed 01/24/24   Page 7 of 7

*Colon-Ortiz et al. v. Toyota Motor Manufacturing Inc.*, Civil. No. 20-1677 (BJM)    7

designated by Toyota" as parties the form would authorize to access data from a vehicle. *See* Dkt. 38-1. If anything, such an authorization implies various entities may be involved in any claims against Toyota PR. Thus, I do not find the Authorization form amounts to a representation by Toyota PR that it was the proper party to receive Plaintiffs' claim. Accordingly, Plaintiffs did not toll the statute of limitations against TMMC.

## CONCLUSION

For the foregoing reasons, TMMC's motion for summary judgement is **GRANTED** and Plaintiffs' claims are **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 24th day of January 2024.

S/ *Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge